# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

United States of America
v.

Gary Kwame Vinson

*Defendant(s)*

Case No. 1:26MJ319

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 11, 2026 in the county of Forsyth in the Middle District of North Carolina, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

/s/ Trevor Mayes
*Complainant's signature*

Trevor Mayes, ATF Special Agent
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 9/10/26

*Judge's signature*

City and state: Durham, NC

Joe L. Webster, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Trevor Mayes, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn according to law, depose and state as follows:

### AFFIANT'S EXPERIENCE

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since April of 2023. I am a graduate of the Federal Law Enforcement Training Center Uniformed Police Training Program (UPTP), Criminal Investigator Training Program (CITP), as well as the ATF National Academy, where I received extensive training in the investigation of firearms, controlled substances, arson, and explosives offenses. I have participated in investigations involving all these areas. Prior to my career with ATF, I was employed as a Police Officer with the Pentagon Force Protection Agency (PFPA) for approximately 3 years. Within that role, I enforced laws according to the Code of Federal Regulations and the Virginia State Code. I have a Bachelor of Science Degree in Homeland Security from East Coast Polytechnic Institute (ECPI) in Virginia Beach, VA.

2. During my career in law enforcement, I have conducted and participated in numerous complex case investigations including controlled substance violations and violations involving firearms. In furtherance of these

investigations, I have utilized multiple investigative techniques including but not limited to physical and electronic surveillance, controlled purchases of evidence, forensic examination of electronic devices, and the seizure of electronically stored communications. Through this experience, I have been able to successfully gather criminal intelligence and utilize this information in furtherance of ongoing criminal investigations.

3. My training and experience in the investigation of the illegal possession and trafficking of narcotics has provided me with information concerning the normal patterns and procedures through which individuals acquire, store, maintain, and/or manufacture narcotics. Through instruction, training, experience, participation in investigations, and the exchange of information with other law enforcement agents and officers, I have become familiar with the manner in which people use and distribute narcotics and the methods, language, and terms that are used to further their criminal activities.

4. As a result of my training and experience, I am familiar with the Federal Criminal Codes, including Title 21, United States Code, Section § 841.

## PURPOSE OF AFFIDAVIT

5. This affidavit is made in support of an application for a criminal complaint for Preston Lavern SHELL.

6. I have probable cause to believe that on or about August 18, 2026, in the Middle District of North Carolina, SHELL knowingly and intentionally

did unlawfully distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## THE INVESTIGATION – FACTUAL BACKGROUND

7. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause of violation of federal criminal offense, specifically 21 U.S.C. § 841(a)(1).

## PROBABLE CAUSE

8. On August 6, 2026, I debriefed ATF Confidential Informant (CI) 33881, hereinafter "CI", regarding an individual they met by the name of "Ray", later identified as Preston Lavern SHELL (B/M; DOB XX/XX/1983; FBI 59968RB9. The CI described SHELL as a dark-skinned black male that is approximately in his mid to late 30s.

9. According to the CI, the CI encountered SHELL at the Americas Best Value Inn hotel, located at 531 Akron Drive, Winston-Salem, North Carolina, 27105. SHELL provided the CI with SHELL's phone number, ending in x3796. SHELL informed the CI that he has "ice", and he could sell a "QP". I know through training and experience that "ice" is slang for

methamphetamine and "QP" is an abbreviation for quarter pound. A quarter pound is approximately four ounces, or 112 grams.

10. On August 6, 2026, SHELL sent a text message from his phone number, ending in x3796, to the CI saying that he has "clear". I know through training and experience that "clear" is slang word for methamphetamine.

**Identification of SHELL**

11. On August 12, 2026, ATF personnel conducted a controlled purchase of methamphetamine from SHELL. This operation was conducted utilizing ATF Undercover (UC) # 6927, hereinafter "UC-1" and the CI. During the controlled purchase, SHELL was operating a silver Buick Enclave, North Carolina license plate LCW-8117.

12. After the operation, Task Force Officer (TFO) Matthew La Valley queried said license plate in a law enforcement database. TFO La Valley observed that a traffic stop was conducted on said vehicle on September 2, 2025, in which SHELL was the driver. I then obtained a Forsyth County Detention Facility booking photo of SHELL and showed it to the CI. The CI confirmed SHELL is the person they met.



*Picture: Preston Lavern SHELL*
*Photo provided by TFO La Valley*

13. I later queried NCIC and the North Carolina law enforcement database and observed SHELL is a convicted felon with an extensive criminal history in North Carolina, to include: Robbery with a Dangerous Weapon (01CR50440), Felony Possession of Cocaine (05CR58686), PWISD Marijuana and Felony Possession of Cocaine (05CR60410), Possess Stolen Motor Vehicle (05CR64986), AWDW Government Official (06CR51207), Elude Arrest MV (06CR51209), Possess Stolen Motor Vehicle (07CR62760), PWISD Cocaine (08CR52042), Conspire Sell/Deliver Cocaine (08CR53456), Habitual Felon (09CR16474), Felony Possession of Cocaine (09CR59943), Elude Arrest with 2

Aggravating Factors (18CR59849), Felony Possession Schedule II Controlled Substance (19CR60131), PWIMSD Schedule II CS (20CR57129), PWISD Cocaine (20CR62832).

**Controlled Purchase**

14. On August 18, 2026, ATF personnel conducted a controlled purchase from SHELL. This operation was conducted utilizing UC-1 and ATF Undercover (UC) # 7040, hereinafter "UC-2". UC-1 communicated via text message and phone calls with SHELL at his phone number, ending in x3796, to coordinate the transaction.

15. At approximately 12:35pm, SHELL instructed UC-1 to meet him at Healy Drive in Winston-Salem, North Carolina. At approximately 12:53pm, the UCs got to Healy Drive. UC-1 then called SHELL, at which point SHELL instructed UC-1 to drive down Healy Drive and that he would give UC-1 a location. Shortly after, SHELL called UC-1 and gave an address of 270 Village Creek Circle in Winston-Salem, North Carolina.

16. At approximately 1:01pm, the UCs got to said address. Eventually, SHELL called UC-1 and instructed them to walk behind building 280. UC-1 walked behind building 280 where they encountered SHELL and utilized pre-recorded ATF Agent Cashier Funds (ACF) to purchase from SHELL approximately 111.9 grams of suspected methamphetamine. The suspected

methamphetamine was later tested with a field test kit and showed a positive response for the presence of methamphetamine.



## CONCLUSION

1) Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about August 18, 2026, in the Middle District of North Carolina, SHELL knowingly and intentionally did unlawfully distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

/S/ Trevor Mayes
Trevor Mayes, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit.

Dated: September ~~9~~ 10, 2026.

Honorable Joe L. Webster
United States Magistrate Judge
Middle District of North Carolina